1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDYMAC FEDERAL BANK, F.S.B., formerly known as Indymac Bank, F.S.B.,<br><br>Plaintiff,<br><br>vs.<br><br>R. BARRY MCCOMIC, an individual; MCCOMIC CONSOLIDATED, INC., a California corporation; TRANS WEST HOUSING, INC., a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 08-CV-1871 - IEG (WVG)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY<br><br>[Doc. No. 18] |

The law firm of Hecht Solberg Robinson Goldberg & Bagley LLP and Jerold H. Goldberg (collectively, "Movants") represent all Defendants in this case. They move to withdraw as counsel for all of Defendants due to Defendants' failure to pay their legal fees as agreed upon. They state that Defendants have also assented to the withdrawal and indicated that they will secure new counsel. However, no new counsel has been retained yet. For the reasons set forth below, the Court **GRANTS** the motion to withdraw and **ORDERS** that corporate Defendants McComic Consolidated, Inc. and Trans West Housing, Inc. obtain new counsel **within 30 days** of the filing of this Order.

## BACKGROUND

**I.      Procedural history**

This is a breach of guaranty case. Plaintiff filed its complaint on August 22, 2008 in the

1  Superior Court for the County of San Bernardino. On October 14, 2008, Defendants removed the case

2  to this Court. Defendants filed an answer to the complaint on October 21, 2008.

3  **II.      Present motion**

4        Movants now request the Court's permission to withdraw as counsel for all of Defendants.

5  According to Movants, good cause for withdrawal exists because Defendants have failed to pay their

6  legal fees and have also assented to the withdrawal. (Goldberg Decl. ¶ 8.) Movants also indicate that

7  the corporate Defendants were informed that they do not have the right to appear *in propria persona*

8  in federal court. (Id. ¶ 13.) Finally, Movants point out that there are currently no immediately

9  scheduled hearings in this matter except for a mandatory settlement conference on June 3, 2010. (Id.

10  ¶ 14.) Accordingly, Movants argue there is no resulting prejudice from their withdrawal.

11                        **DISCUSSION**

12        "An attorney may not withdraw as counsel except by leave of court, and the decision to grant

13  or deny counsel's motion to withdraw is committed to the discretion of the trial court." Beard v.

14  Shuttermart of Cal., Inc., No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13,

15  2008) (internal quotation marks and citations omitted); see also CIV. L.R. 83.3(g)(3). In ruling on a

16  motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the

17  prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the

18  administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

19  Beard, 2008 WL 410694, at *2 (citations omitted).

20        In the present case, good cause for withdrawal exists. First, Defendants have failed to pay

21  Movants their legal fees as agreed upon and have indicated that they would be unable to make those

22  payments. (Goldberg Decl. ¶¶ 4, 8-9.) Failure to pay attorney's fees can be a valid ground for

23  withdrawal. See Canandaigua Wine Co. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009

24  WL 89141, at *2 (E.D. Cal. Jan. 14, 2009); Cal. Rules of Professional Conduct Rule 3-700(C)(1)(f).

25  Second, Defendants have assented to the Movants' withdrawal as counsel. (Goldberg Decl. ¶ 8.) Rule

26  3-700(C)(5) of the California Rules of Professional Conduct expressly allows withdrawal where the

27  client "knowingly and freely assents to termination of the employment."

28        There is also no indication that the Movants' withdrawal would cause any prejudice to other

1    litigants or that it would harm or delay the administration of justice. Rather, this case is still in its

2    infancy and, except for a mandatory settlement conference, there are no immediately scheduled

3    hearings. Moreover, there is no prejudice to Defendants because they have been on notice of the

4    Movants' intent to withdraw at the very least since March 25, 2010. (See Goldberg Decl. ¶ 6.)

5         Granting the motion, however, would leave corporate Defendants McComic Consolidated, Inc.

6    and Trans West Housing, Inc. without counsel. "It is a longstanding rule that corporations and other

7    incorporated associations must appear in court through an attorney." CE Res., Inc. v. Magellan Group,

8    LLC, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing In

9    re Am. West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam)). Moreover, the Civil Local

10   Rules for the Southern District of California provide that corporations may appear in court only

11   through an attorney. See CIV. L.R. 83.3(k). While some courts have relied on this requirement to deny

12   a motion to withdraw as counsel,[1] the Court believes that such outcome would not be in everyone's

13   best interest in this case. Accordingly, GOOD CAUSE appearing, the Court **GRANTS** the motion to

14   withdraw, but also **ORDERS** that corporate Defendants McComic Consolidated, Inc. and Trans West

15   Housing, Inc. obtain substitute counsel **within 30 days** of the filing of this Order. This should not be

16   prejudicial to the corporate Defendants because they already had almost a month since receiving the

17   Movants' formal notice of intent to withdraw to find new counsel. (See Goldberg Decl. ¶ 12.)

18                                    **CONCLUSION**

19        For the foregoing reasons, the Court **GRANTS** the Movants' motion to withdraw as counsel

20   for all Defendants and **ORDERS** the corporate Defendants to obtain new counsel **within 30 days** of

21   the filing of this order. The new counsel should make an appearance on behalf of Defendants

22   McComic Consolidated, Inc. and Trans West Housing, Inc. by no later than **June 17, 2010**.

23        **IT IS SO ORDERED.**

24

25   DATED: May 18, 2010

26                                    IRMA E. GONZALEZ, Chief Judge
                                      United States District Court

27

28        [1] See, e.g., CE Res., 2009 WL 3367489, at *3 ("It would be an injustice to leave [the corporate
     defendant] in a judicial stalemate until a replacement attorney could be located.").